FILED

2011 Jun-21  AM 08:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **T.C., a minor, by and through his parent and next friend, Tina Coleman,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. CV-11-S-908-NW** |
| **LAWRENCE COUNTY BOARD OF EDUCATION, _et al._,** | ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, T.C., a minor, filed this case by and through his parent and next friend, Tina Coleman, on March 8, 2011.[1] Plaintiff's complaint names the following defendants: (1) the Lawrence County Board of Education; (2) Heath Grimes, in his official capacity as the Superintendent of the Lawrence County Board of Education; (3) Harold Pirtle, in his official capacity as Athletic Director of the Lawrence County Board of Education; (4) Craig Owens, in his official capacity as Athletic Director at East Lawrence High School; (5) Gary Bradford, in his official capacity as a member of the Lawrence County Board of Education; (6) Jackie Burch, in his official capacity as a member of the Lawrence County Board of Education; (7) Christine Garner, in her

---

[1]_See_ doc. no. 1 (Complaint).

official capacity as a member of the Lawrence County Board of Education; (8) Wendell Logan, in his official capacity as a member of the Lawrence County Board of Education; (9) Beth Vinson, in her official capacity as a member of the Lawrence County Board of Education; and (10) Ricky Nichols, in his official capacity as Principal of East Lawrence High School.[2]  Plaintiff asserts claims for violation of "Title IX of the Education Amendments of 1972, 20 U.S.C.A. § 1681(A)(2000),"[3] and for violation of his "constitutional right to be free from sexual abuse and molestation under color of state law," pursuant 42 U.S.C. § 1983.[4]  He requests injunctive relief, compensatory and punitive damages, and attorney's fees.[5]  The case currently is before the court on the motion to dismiss filed by defendants Heath Grimes, Harold Pirtle, Ricky Nichols, Gary Bradford, Jackie Burch, Christine Garner, Wendell Logan, and Beth Vinson (collectively, "the individual defendants").[6]

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a),

---

[2]*Id.* at ¶¶ 4-13.

[3]*Id.* at 8-9, ¶¶ 37-45 (Count I).

[4]*Id.* at 9-10, ¶¶ 46-50 (Count II).

[5]*Id.* at ¶ 57.

[6]Doc. no. 3.

which requires that a pleading contain only a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that

pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. —, 129

S. Ct. 1937, 1949 (2009) (citations omitted). The Supreme Court elaborated this

standard in its *Iqbal* opinion, as follows:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at —, 129 S. Ct. at 1949-50 (emphasis added).

## II. DISCUSSION

### A.  Section 1983 Claim

The individual defendants first argue that plaintiff's § 1983 claim against them is due to be dismissed because it is duplicative of plaintiff's claim against the Lawrence County Board of Education. Defendants are correct that official-capacity

suits

> "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978).  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon*[ *v. Holt*]*,* 469 U.S. [464], 471-472 [(1985)].

*Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).  *See also Busby v. City of Orlando,* 931 F.2d 764, 776-77 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials . . . .").

Plaintiff does not dispute this point.  Moreover, plaintiff acknowledges that all of the individual defendants have been sued in their respective official capacities *only*.[7]  Accordingly, plaintiff's § 1983 claim against the individual defendants (Count II) is due to be dismissed for failure to state a claim upon which relief can be granted.

## B.    Title IX Claim

Defendants also argue that plaintiff's Title IX claim against them is due to be dismissed because they are not institutions that receive federal funding.  Plaintiff does

---

[7]*See* doc. no. 5 (plaintiff's response to motion to dismiss), at ¶ 1 ("Plaintiff has neither sued, nor attempted to sue any of the Defendants' [sic] in their individual capacities.").

not dispute this argument in his response brief,[8] and, indeed, courts have repeatedly held that a Title IX claim may only be brought against an institution that receives federal funding. *See, e.g., Williams v. Board of Regents of University System of Georgia,* 477 F.3d 1282, 1299-1300 (11th Cir. 2007) ("Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations.") (citing *Hartley v. Parnell*, 193 F.3d 1263, 1270 (11th Cir. 1999)); *Holt v. Lewis,* 955 F. Supp. 1385, 1386-87 (N.D. Ala. 1995) ("[T]here is no indication in the statute that actions to enforce the provisions Title IX can be directed against anyone other than the educational institution involved.") (citations omitted). Accordingly, plaintiff's Title IX claim against the individual defendants (Count I) is due to be dismissed.

### III. CONCLUSION AND ORDER

In accordance with the foregoing, the motion to dismiss filed by defendants Heath Grimes, Harold Pirtle, Ricky Nichols, Gary Bradford, Jackie Burch, Christine Garner, Wendell Logan, and Beth Vinson is GRANTED, and all claims against those defendants are DISMISSED with prejudice. The case will continue with the Lawrence County Board of Education as the sole defendant.

---

[8] *See* doc. no. 5.

DONE this 20th day of June, 2011.

_____
United States District Judge